**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| WE THE PATRIOTS USA, INC., et al. : | |
| : | |
| Plaintiffs, : | Case No. 4:23-cv-00382 |
| : | |
| v. : | Judge David A. Ruiz |
| : | |
| UNITED STATES ENVIRONMENTAL : | |
| PROTECTION AGENCY, et al., : | |
| : | |
| Defendants. : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR EXTENSION OF TIME *NUNC PRO TUNC*** 

Pursuant to Fed. R. Civ. P. 6, the Plaintiffs – We The Patriots USA, Inc. and Courtney Fish – respectfully move *nunc pro tunc* for an extension of time to file their memorandum of opposition to the Defendants' – United States Environmental Protection Agency and Michael Regan (hereinafter, "the federal defendants") – motion to dismiss. Dkt. 19.

As indicated in the motion, counsel for the federal defendants do not oppose the granting of this motion. Counsel for Defendants DeWine and Vogel have yet to communicate their position on this motion.

**RELEVANT BACKGROUND**

The Plaintiffs filed this action on February 27, 2023. The federal defendants filed a motion to dismiss on July 5, 2023. The undersigned (Attorney Atkinson) inadvertently calendared the due date for the Plaintiffs' opposition as August 15, 2023 in his firm's case management system. **Exhibit A – Declaration of Cameron L. Atkinson, ¶ 6.** Upon review, he believes that this mistaken entry occurred when he did his regular Sunday calendar update and was rushing on July

1

9, 2023, and he believes that the mistake occurred due to a misclick as he was entering the matter. *Id*. at ¶¶ 5-10.

Attorney Atkinson did not realize his mistake until Attorney McDaniel reached out to him on August 8, 2023 to see if he had filed the opposition without Attorney McDaniel receiving a PACER notification. *Id*. at ¶ 7. Only then did Attorney Atkinson realize that he had miscalendared the deadline. *Id*. at ¶ 7.

## ARGUMENT

The mere untimeliness of a filing does not require the Court to preclude a party from filing it. *R.J. Wildner Contracting Co., Inc. v. Ohio Turnpike Com'n*, 913 F.Supp. 1031, 1037-38 (N.D.O.H. 1996). Instead, Fed. R. Civ. P. 6(b)(1)(B) permits the Court to extend the time for filing a document if the party failed to act because of excusable neglect.

In determining whether a failure to file before the expiration of a deadline is the result of excusable neglect, courts balance five factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Pate v. Huntingon National Bank*, 2013 WL 12140957, at *1 (N.D.O.H. Jan. 11, 2013) (quoting *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).[1] The Plaintiffs submit that all of these factors weigh in favor of a finding of excusable neglect.

First, any risk of prejudice to the federal defendants and Defendants DeWine and Vogel is minimal. Defendants DeWine and Vogel have already filed their motion to dismiss, and it has been fully briefed. The federal defendants have graciously communicated that they do not oppose the

---

[1] The Plaintiffs attach this unreported case as **Exhibit B** for the Court's convenience.

Court granting this motion, thus not claiming any prejudice. The Plaintiffs will have no objection to the federal defendants taking any time that they need to reply to the Plaintiffs' opposition. Thus, the Court should find that no party will be prejudiced by the granting of this motion.

Second, the delay will have little to no impact on these proceedings. The Plaintiffs have not previously requested any extensions of time, and permitting them to file their opposition by August 15, 2023 will only cause a ten day delay. *See Pate*, 2013 WL 12140957, at *2 (noting a considerable previous extension of time). The Court has not entered any scheduling orders in this case, and the delay will not impact any scheduled deadlines. *See Pate*, 2013 WL 12140957, at * 2 (finding that the minimal delay and lack of impact on scheduled deadlines favored the movant). Thus, the Court should conclude that the second factor favors the Plaintiffs.

The third, fourth, and fifth factors overlap. The reason for the delay is what the undersigned (Attorney Atkinson) articulated and what he takes sole and complete responsibility for. He inaccurately recorded the due date during a weekly calendaring session in which he was tired and rushing to get home at a reasonable hour on a weekend. His haste led him to make a misclick and improperly record the due date. His commitment to Attorney McDaniel to take care of the matter places full and sole responsibility on his shoulders, and he accepts it. While this error was certainly within his reasonable control, Attorney Atkinson's mistake was not made in bad faith. He made a human mistake that occasionally arises when anyone attempts to do something in a hurry while tired and he did not realize his mistake until the filing deadline had already passed. Thus, the Court should conclude that, although Attorney Atkinson's mistake was preventable, he did not act in bad faith and find that the Plaintiffs have established the excusable neglect necessary for this motion for an extension of time.

**CONCLUSION**

For the foregoing reasons, the Plaintiffs respectfully submit that they have established excusable neglect for the Court to grant this motion and their request to extend the deadline for them to respond to the federal defendants' motion to dismiss by August 15 2023.

        Respectfully submitted

        *//s/  Cameron L. Atkinson        //s//*
        CAMERON L. ATKINSON
           *Admitted pro hac vice*
        Atkinson Law, LLC
        122 Litchfield Rd., Ste. 2
        P.O. Box 340
        Harwinton, CT 06791
        (203) 677-0782
        catkinson@atkinsonlawfirm.com

        *//s/  Eric S. McDaniel          //s//*
        ERIC S. MCDANIEL (00090827)
        Malyuk McDaniel Kasper LLC
        138 Stow Avenue
        Cuyahoga Falls, Ohio 44221
        (330) 929-9700
        eric@malyuk.com

## CERTIFICATE OF SERVICE

I hereby certify that, on June 14, 2023, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Cameron L. Atkinson /s/
Cameron L. Atkinson, Esq.
*Admitted Pro Hac Vice.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Northern District of Ohio Local Civil Rule 7.1(f), I hereby certify that this memorandum adheres to the page limitations set forth in Rule 7.1(f).

/s/ Cameron L. Atkinson /s/
Cameron L. Atkinson, Esq.
*Admitted Pro Hac Vice.*